**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4655**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES ALAN WINBURN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:15-cr-00098-LCB-3)

Submitted: January 10, 2017      Decided: January 12, 2017

Before MOTZ and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Alan Winburn pled guilty, pursuant to a plea agreement, to conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012). The district court found that Winburn's actions merited a sentencing enhancement for maintaining a premises for the purpose of distributing illegal drugs, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(12) (2014). Winburn appeals, asserting that the enhancement was not appropriate. Finding no error, we affirm.

"In considering a sentencing court's application of the guidelines, we review legal conclusions de novo and factual findings for clear error." United States v. White, 771 F.3d 225, 235 (4th Cir. 2014) (alteration and internal quotation marks omitted). "[W]e can find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (alteration and internal quotation marks omitted).

A two-level enhancement is warranted under USSG § 2D1.1(b)(12) when an individual "knowingly maintains a premises (i.e. a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." USSG § 2D1.1 cmt. n.17. The commentary

2

clarifies that "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." Id. As Winburn acknowledges, it is possible for a personal residence to have a second primary purpose of drug distribution. United States v. Sanchez, 710 F.3d 724, 729 (7th Cir.) ("[T]he enhancement clearly contemplates that premises can have more than one principal use. . . . [T]he proper inquiry is whether the drug transactions were a second primary use of the premises or were instead merely a collateral use."), vacated on other grounds, 134 S. Ct. 146 (2013).

Winburn does not dispute that he maintained the subject residence. Likewise, he does not dispute the evidence that he purchased four to six grams of heroin daily for several months prior to the search of his residence, that he sold heroin from the residence at least three times in the two months prior to his arrest, and that, upon his arrest at the residence, law enforcement officers recovered eight bags of heroin from his person and drug paraphernalia such as digital scales, razors, and plastic baggies from the residence. However, Winburn asserts that this evidence does not establish that drug distribution was one of the primary purposes of the residence.

We conclude that the district court did not clearly err in finding by a preponderance of the evidence that these facts were sufficient to merit application of the enhancement. See United States v. Miller, 698 F.3d 699, 702-03, 706-07 (8th Cir. 2012) (affirming enhancement where defendant "actively participat[ed] in at least three controlled buys on the property, and she admitted accepting payments that she knew were for methamphetamine purchases on other occasions").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED